983 F.2d 1080
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rick A. YOUNG, Plaintiff-Appellant,
v.
James C. SPAULDING; James Blodgett, Defendants-Appellees.
 No. 92-35268.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 14, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rick Young, a Washington State prisoner, appeals pro se the district court's order dismissing his 42 U.S.C. § 1983 action without prejudice. The district court dismissed Young's action because it did not present a ripe claim for review. We review de novo, Southern Pac. Transp. Co. v. Los Angeles, 922 F.2d 498, 502 (9th Cir.1990), cert. denied, 112 S.Ct. 382 (1991), and affirm.
 
 
 3
 In his complaint, Young alleges that the defendants' refusal to retain urine samples which test positive in the future as part of their drug testing program violated his rights under the eighth and fourteenth amendments. Young seeks money damages, declaratory relief, and an injunction to prevent the defendants from disposing of his urine samples which tested positive in the future. Young apparently plans to file lawsuits against the defendants each time he tests positive, and to send the samples to an independent outside laboratory for verification.
 
 
 4
 In its order of dismissal, the district court stated: "Plaintiff does not allege that Defendants have refused to preserve existing samples; he only claims that they are refusing to preserve such samples in the future. Defendants' actions, therefore, have not yet injured Plaintiff, and as a consequence, Plaintiff's complaint is not yet ripe." The district court reasoned, therefore, that Young was suing before he was injured. The court further reasoned that because Young's lawsuit was based on the assumption that he would receive positive test results in the future, his allegations were at best speculative.
 
 
 5
 The district court did not err in dismissing Young's action. See McCabe v. Arave, 827 F.2d 634, 639 (9th Cir.1987) ("Federal courts should not decide hypothetical questions"); Southern Pacific, 927 F.2d at 504 ("If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed.")
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3